**AFFIRMED and Opinion Filed September 9, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00651-CV**
_____

**RUTH TORRES, Appellant**
**V.**
**UNAUTHORIZED PRACTICE OF LAW COMMITTEE FOR THE**
**SUPREME COURT OF TEXAS, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-07071**

# MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

Ruth Torres, representing herself pro se, appeals the trial court's final judgment permanently enjoining her from engaging in, or aiding and abetting, the unauthorized practice of law in the State of Texas. Bringing seven issues with multiple sub-issues, Torres generally challenges the propriety and constitutionality of the court's rulings. We affirm the trial court's judgment.

## Background

The Unauthorized Practice of Law Committee for the Supreme Court of Texas ("UPLC") brought this suit in May 2020 alleging Torres, a non-lawyer, was persistently attempting to represent two legal entities in litigation in the 44th Judicial District Court in Dallas County, Texas (the "Underlying Suit"). The UPLC sought an injunction to prevent Torres from engaging in acts that would constitute the unauthorized practice of law. After requesting substituted service, Torres was served with process on August 31, 2020.

Shortly before she was served, Torres filed for bankruptcy under chapter 7 of the United States Bankruptcy Code. Despite the automatic stay, Torres filed an answer, affirmative defenses, motion for appointment of counsel, and motion to dismiss the UPLC's suit under the Texas Citizens Participation Act ("TCPA"). After the UPLC became aware of the bankruptcy case, it filed a suggestion of bankruptcy informing the trial court of the stay in proceedings. Approximately four months later, Torres filed a notification in the trial court stating the bankruptcy case had concluded, and asked that the case be reinstated.

The UPLC filed a motion for summary judgment on April 14, 2021. In the motion, the UPLC referenced a previously filed request for the court to take judicial notice of pleadings in the Underlying Suit showing that Torres filed a combined answer, plea to the jurisdiction, special exceptions, motion to dismiss, and motion for summary judgment on behalf of HR Strategic Consulting Inc. and The HR

Doctor, LLC (the "HR Entities"). Copies of the first and last pages of the pleading, showing the title of the pleading and her signature, were attached to the request. The UPLC argued the pleading demonstrated that Torres was engaging in the unauthorized practice of law because a non-lawyer may not represent another party in litigation, and a legal entity must be represented by a licensed attorney. The UPLC also referenced a previously filed affidavit showing Torres was not listed as a licensed attorney with the State Bar of Texas. Attached to the affidavit was a true and correct copy of a letter sent by Torres to the UPLC stating she intended to continue representing the entities in the Underlying Suit as it was her "right and obligation."

Torres was served with notice on April 15 that the motion for summary judgment was scheduled to be heard on May 6. Torres set her previously filed motions to dismiss under the TCPA and for appointment of counsel, along with a later filed motion to prevent spoliation, for a hearing on May 3. Following the May 3 hearing, the trial court denied Torres's motions.

Six hours before the scheduled hearing on the UPLC's motion for summary judgment, Torres filed her response. The trial court clerk declined to accept the filing because it exceeded the court's limitations on the number of pages and appendices. Torres was sent a notification that the response was declined and was informed that permission to file a brief in excess of the page limitations may be granted by the presiding judge of the court upon a showing of compelling reasons.

–3–

The summary judgment hearing was conducted by an assigned judge who stated he would not consider Torres's response because it was untimely. Torres did not request leave to file her response late and made no objection to the assignment of the visiting judge during the course of the hearing. Following argument from both sides, the judge stated on the record he was granting the motion for summary judgment.

After the hearing, the judge signed a final judgment permanently enjoining Torres from engaging in the unauthorized practice of law. That same day, Torres filed a motion to recuse the judge from the case. Eleven days later, Torres filed her "Verified Request for Rehearing and Motion for New Trial on Order Granting Summary Judgment & Second Motion to Dismiss & Reconsider Motion for Appointment of Counsel & Request for Order to Prevent Spoliation." In her motion for new trial, Torres asserted she was not timely notified of the hearing on the motion for summary judgment.

The presiding judge of the trial court heard Torres's motion for new trial. At the beginning of the hearing, Torres made an oral motion to recuse the presiding judge. In response, the judge voluntarily recused herself and the case was transferred from the 192nd Judicial District Court to the 68th Judicial District Court. No further hearings were scheduled, and Torres's motion for new trial was overruled by operation of law. Torres timely brought this appeal.

## Analysis

### I. Biased Judicial System

In her first issue, Torres does not raise a challenge to the judgment in this case, but rather to the judicial system as a whole and the alleged bias created by campaign contributions. Torres acknowledges the issue is not one to be resolved in this appeal, but is provided solely for context. Accordingly, we do not address her first issue.

### II. Notice of Hearing

Torres's second issue is divided into eighteen sub-issues labeled A-R. In sub-issue 2A, Torres contends she did not receive notice of the summary judgment hearing at least twenty-one days before the hearing was scheduled to occur. Torres raised this issue for the first time in her motion for new trial and submitted a supporting affidavit in which she testified she was not aware of the May 6 hearing until she received a Zoom link from the court reporter on April 30. Torres conceded in her motion that it was possible she did not receive the initial notice of the hearing because her email account may have been at capacity and no longer accepting new messages.

A party who complains of less than twenty-one days' notice of a summary judgment hearing, but admits to knowing of the hearing date before it occurs, waives the defense of insufficient notice if the issue is not brought to the trial court's attention at or before the scheduled hearing or submission date. *Clarent Energy Servs. Inc. v. Icon Bank of Tesx., N.A.*, No. 01-18-00854-CV, 2019 WL 5792190, at

*2 (Tex. App.—Houston [1st Dist.] Nov. 7, 2019, no pet.) (mem. op.).  The party may preserve error in a post-trial motion only when they are not given notice of the summary judgment hearing or they are deprived of their right to seek leave to file additional affidavits or other written response. *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 560–61 (Tex. App.—Dallas 2003, pet. denied).

In this case, the record contains an automated certificate of service showing that Torres was sent a notification of the summary judgment hearing by email twenty-one days before it was scheduled to occur.  It is undisputed Torres was aware of the hearing date no later than one week before it occurred and that she appeared at the hearing.  Torres did not seek a continuance of the hearing or leave to file a late response although she had the opportunity to do so.  Her complaint regarding lack of notice was not raised until her motion for new trial.  We conclude Torres failed to preserve this issue for review and we resolve sub-issue 2A against her. *See id*.

## III. Recusal

In sub-issue 2B, Torres contends the trial court's judgment is void because the judge who granted the summary judgment should have recused himself in response to her motion to recuse filed the same day judgment was granted.  The record shows Torres made no objection to the assigned judge during the course of the summary judgment hearing and she did not file her objection until after he ruled on the motion.  An objection to an assigned judge is untimely if it is filed after the assigned judge

makes any ruling in the case. *See In re S.N.Z.*, 421 S.W.3d 899, 907 (Tex. App.—Dallas 2014, pet. denied). We resolve Torres's sub-issue 2B against her.

## IV. Rule 683

Torres argues in sub-issue 2C the injunction rendered against her is void under rule 683 of the Texas Rules of Civil Procedure because it fails to specifically cite the regulation she violated and does not give the reasons for its issuance. As this Court has previously held, rule 683 applies only to temporary restraining orders and temporary injunctions, not to final judgments granting a permanent injunction such as at issue here. *See Qaddura v. Indo-Eurpoean Foods, Inc.*, 141 S.W.3d 882, 891–92 (Tex. App.—Dallas 2004, pet. denied). We resolve issue 2C against Torres.

## V. Refusal to Consider Response

In sub-issue 2D, Torres contends the trial court erred in failing to consider her response to the UPLC's motion for summary judgment filed the day of the hearing. A response to a motion for summary judgment may be filed less than seven days before the scheduled hearing only with leave of court. TEX. R. CIV. P. 166a(c). Torres never sought leave of court to file a late response. Nor did she seek a continuance of the hearing. Because Torres never requested leave to file her untimely response, it is not a part of the summary judgment record and the trial court did not err in not considering it. *See SP Terrace, L.P. v. Meritage Homes of Tex.,*

*LLC*, 334 S.W.3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.)[1]. We overrule sub-issue 2D.

## VI. Determination of Unauthorized Practice of Law

In sub-issue 2E, Torres contends the trial court erred in relying solely on the UPLC's determination that she was engaging in the unauthorized practice of law as the basis for its summary judgment against her. The record does not support this contention.

In addition to the arguments made by the UPLC, the trial court had before it evidence that Torres was not a licensed attorney in the state of Texas, and that she filed motions and other requests for relief on behalf of the HR Entities in the Underlying Suit. The summary judgment evidence further showed that Torres stated her intention to continue to represent the HR Entities in the Underlying Suit despite being informed she could not legally do so. *See Rodriguez v. Marcus*, 484 S.W.3d 656, 657 (Tex. App.—El Paso 2016, no pet.) (a non-lawyer may not represent another party in litigation and corporation may not appear through officers that are not attorneys). Except in limited circumstances not applicable here, a person may not practice law in the state of Texas unless the person is a member of the state bar.

---

[1] We note the final judgment in this case states the trial court considered "the Motion and any response thereto." Although this language could be read to indicate the trial court considered Torres's response, we decline to read the judgment in this manner because (1) Torres never sought leave to file her response as required by rule 166a(c), (2) the trial court stated multiple times at the hearing it would not consider Torres's response due to it being untimely, and (3) the response was rejected by the trial court clerk and was not before the court or in the court's file at the time summary judgment was rendered.

TEX. GOV'T CODE ANN. § 81.102. The evidence before the court conclusively demonstrated Torres was engaging in the unauthorized practice of law and the trial court correctly based its determination on this evidence. *See Crain v. Unauthorized Practice of Law Comm.*, 11 S.W.3d 328, 332 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (unauthorized practice of law proper subject for summary judgment). We overrule sub-issue 2E.

## VII. Jurisdiction Over Entities

Sub-issue 2F is entitled "No court has established it has jurisdiction over entities." Although we endeavor to read Torres's brief liberally, "a pro se litigant is held to the same standard as a licensed attorney and must comply with all applicable laws and rules of procedure." *Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.). The HR Entities are not parties in this case, and the matters discussed by Torres in this sub-issue appear to relate only to the Underlying Suit. Torres does not present a discernable issue relating to this appeal and provides no coherent argument or relevant authority in support of this sub-issue. Because of this, sub-issue 2F presents nothing for our review. *Id*. at *1–2 (appellate court may discharge responsibility to review and dispose of appeal only when provided with proper briefing).

## VIII. Sufficiency of Summary Judgment Motion and Evidence

In sub-issues 2G, 2I, 2J, 2K, 2O, and 2P, Torres challenges the sufficiency of the UPLC's motion for summary judgment and its supporting evidence. Torres first appears to suggest the motion was improper because it was unclear whether it was seeking a traditional or no-evidence summary judgment. The first sentence of the motion states the UPLC is seeking summary judgment pursuant to rule 166a(c) of the Texas Rules of Civil Procedure. *See Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 509 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (rule 166a(c) authorizes traditional summary judgment, rule 166a(i) authorizes no-evidence summary judgment). The motion goes on to argue the undisputed facts and summary judgment evidence show Torres was engaging in the unauthorized practice of law in Texas. This language clearly asserts the UPLC was seeking a traditional summary judgment.

Torres next argues the UPLC failed to provide any evidence in support of the motion because the motion merely incorporated by reference previously filed documents and declarations rather than attaching them. Evidence in support of a motion for summary judgment need only be on file at the time of the hearing. TEX. R. CIV. P. 166a(c). So long as the movant expressly references and incorporates the previously filed evidence, as was done here, it is properly a part of the summary judgment record. *Lance v. Robinson*, 543 S.W.3d 723, 732 (Tex. 2018).

Torres argues the declaration filed by Charles Gameros, attorney for the UPLC, is conclusory because it does not show personal knowledge of the fact that she will continue engaging in the unauthorized practice of law. Gameros's declaration states only that he reviewed the listing of attorneys on the State Bar of Texas's website and that Torres's name does not appear as a licensed attorney in Texas. Gameros additionally stated the copy of the letter attached to his affidavit in which Torres informed him as counsel for the UPLC that she intended to continue to represent the HR Entities in the Underlying Suit was true and correct. These statements are not conclusory. *See 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (conclusory statement does not provide underlying facts to support conclusion).

Torres contends the UPLC's motion for summary judgment is fundamentally flawed because it does not address how the UPLC will be harmed by her continued representation of the HR Entities. Section 81.104 of the Texas Government Code authorizes the UPLC to "seek the elimination of the unauthorized practice of law by appropriate actions and methods, including the filing of suits in the name of the committee." TEX. GOV'T CODE ANN. § 81.104(2). The statute's express authorization of the committee to eliminate the unauthorized practice law through legal action supersedes the common law requirements for injunctive relief such as imminent harm and irreparable injury. *See White Lion Holdings. L.L.C. v. State*, No.

–11–

01-14-00104-CV, 2015 WL 5626564, at *9 (Tex. App.—Houston [1st Dist.] Sept. 24, 2015, pet. denied) (mem. op. on reh'g).

Torres further contends the UPLC's motion is flawed because it does not show there are no issues of material fact with respect to her affirmative defenses such as unclean hands and the statute of limitations. The movant in a summary judgment proceeding has no initial burden to negate the non-movant's affirmative defenses. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017). After the movant conclusively establishes each element of its claim, the non-movant must come forward with summary judgment evidence sufficient to raise a fact issue on each element of its affirmative defenses to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). In this case, there is no responsive evidence from Torres in the summary judgment record. Therefore, the burden never shifted to the UPLC to address Torres's affirmative defenses. We resolve sub-issues 2G, 2I, 2J, 2K, 2O, and 2P against Torres.

## IX. Unconstitutional Application of Rule 7

In sub-issue 2H and 2N, Torres contends the injunction against her constitutes an unconstitutional application of Rule 7 of the Texas Rules of Civil Procedure. Rule 7 states "[a]ny party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court." Although rule 7 uses the term "any party," it does not permit a legal entity to appear through an agent who is not a licensed attorney. *McClane v. New Caney Oaks Apartments*, 416 S.W.3d 115, 120

–12–

(Tex. App.—Beaumont 2013, no pet.). It has been the law for the better part of two centuries that a corporation may appear in court only through licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *see also* TEX. GOV'T CODE ANN. § 81.102. An appearance by a non-lawyer on behalf of a corporation constitutes the unauthorized practice of law. *Rodriguez v. Marcus*, 484 S.W.3d 656, 657 (Tex. App.—El Paso 2016, no pet.).

Torres argues the act of filing an answer on behalf of a corporation is a ministerial act to prevent a default judgment and, therefore, is not the unauthorized practice of law. In support of this argument, Torres cites *Rhojo Enterprises, LLC v. Stevens*, 540 S.W.3d 621 (Tex. App.—Beaumont 2018, no pet.) and *Computize, Inc. v. NHS Communications Group, Inc.*, 992 S.W.2d 608 (Tex. App.—Texarkana 1999, no pet.). These cases hold only that an answer filed by a non-lawyer on behalf of a corporation is not, in the absence of objections or special exceptions, a legal nullity. *Computize*, 992 S.W. 2d at 612. Because the answer is not a nullity, it is sufficient to prevent a plaintiff from obtaining a no-answer default judgment. *See Rhojo*, 540 S.W.3d at 625. Neither case can be read to stand for the proposition that filing an answer is a ministerial task or that a non-lawyer who files an answer on behalf of a corporation is not engaging in the unauthorized practice of law.

Torres goes on to state that, to comply with the first, fifth, and fourteenth amendments to the United States Constitution, there must be exceptions to the rule prohibiting pro se representation of corporations. Torres then lists a variety of

circumstances under which she believes such representation should be permitted. Torres does not, however, provide any argument or relevant authority to show how the absence of exceptions in those circumstances violates the constitutional provisions she relies upon. Parties wising to demonstrate unconstitutionality face a heavy burden. *N.N. v. Inst. For Rehab. & Research*, 234 S.W.3d 1, 14 (Tex. App.—Houston [1st Dist.] 2006, no pet.). When a party fails to adequately brief an issue on appeal, the issue is waived. *In re S.L.*, No. 05-21-00874-CV, 2022 WL 896874, at *3 (Tex. App.—Dallas Mar. 28, 2022, pet. denied) (mem. op.). We resolve sub-issues 2H and 2N against Torres.

## X. Due Process and Administrative Procedure Act

In sub-issues 2L and 2M, Torres contends the UPLC did not provide her with due process and violated various provisions of chapter 2001 of the Texas Government Code, otherwise known as the Administrative Procedure Act. *See* TEX. GOV'T CODE ANN. § 2001.002. Torres's argument appears to be based on the assumption that this suit involves a "contested case" under the Act. A "contested case" is defined as "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." *Id*. § 2001.003(1). The UPLC is not authorized to make determinations regarding the unauthorized practice of law, but must instead file suit, as it did here, to let a court determine whether preventive action is appropriate. *See Drew v. Unauthorized Practice of Law*

–14–

*Committee*, 970 S.W.2d 152, 155 (Tex. App.—Austin 1998, pet. denied). Because this is not a "contested case" before an agency as defined by the Act, the provisions and requirements relied upon by Torres do not apply. We overrule sub-issues 2L and 2M.

## XI. Bond Requirement

Torres contends in sub-issue 2Q that the UPLC should have been required to post a bond in support of the permanent injunction under rule 684 of the rules of civil procedure. We first note that the bond requirement set forth in rule 684 does not apply to state agencies. *See Sienna Ranch Invs., LLC v. Waller Indep. Sch. Dist.*, No. 14-20-00241-CV, 2021 WL 3358055, at *6 (Tex. App.—Houston [14th Dist.] Aug. 3, 2021, no pet.) (mem. op.). Moreover, rule 684 applies only to temporary restraining orders and temporary injunctions, not permanent injunctions such as the one at issue here. *See* TEX. R. CIV. P. 684. We resolve sub-issue 2Q against Torres.

## XII. Public Policy Issues

In sub-issue 2R, Torres generally contends the injunction granted by the trial court is "a clear perversion of the courts and [an] injustice which is a public policy issue." Torres provides no clear argument or citation to legal authority in support of this issue. Accordingly, we conclude the issue is waived. *In re S.L.*, 2022 WL 896874, at *3.

## XIII. Scope of Injunction

In the first part of Torres's third issue, she contends the permanent injunction granted by the trial court exceeds the relief requested by the UPLC and enjoins her from performing tasks that do not constitute the unauthorized practice of law. The UPLC's petition requested Torres be enjoined from certain specified acts as well as "any other acts by [Torres] which may constitute the unauthorized practice of law." The UPLC further requested it be awarded its costs of court. The final judgment permanently enjoins Torres from engaging in the unauthorized practice of law, including eighteen enumerated acts and services, and awards the UPLC $308 in court costs. This relief falls within the scope of relief requested by the UPLC.

"The practice of law embraces, in general, all advice to clients and all action taken for them in matters connected with the law." *Crain*, 11 S.W.3d at 333. Trial courts have the inherent power to determine what acts and services may constitute the practice of law. *Id*. Torres cites no authority to support her argument that any of the actions she is enjoined from engaging in are not the practice of law. We overrule the first portion of Torres's third issue.

## XIV. Bankruptcy Stay

In the second part of her third issue and in her fourth issue, Torres asserts the trial court's judgment is void because it was obtained in violation of the automatic stay in place during her bankruptcy. Torres contends the UPLC's service of suit was ineffective because it was done while the automatic stay was in place. But Torres

–16–

filed an answer and otherwise appeared in the case, thereby waiving any complaints about service. *See Brown v. Apex Realty*, 349 S.W.3d 162, 165 (Tex. App.—Dallas 2011, pet. dism'd).

Torres additionally argues all damages awarded in the judgment were discharged in the bankruptcy. The only monetary award included in the judgment is court costs in the amount of $308. Torres liability to pay these court costs did not arise until well after her bankruptcy concluded and the stay was lifted. This debt, therefore, could not have been discharged. We resolve the second part of Torres's third issue and her fourth issue against her.

## XV. Constitutionality of Page Limitation

In her fifth issue, Torres challenges the validity and constitutionality of the general order issued by the civil district court judges in Dallas County on April 6, 2020, limiting the length of motions and briefs filed in those courts to twenty-five one-sided pages. The order additionally allows only one appendix, also limited to twenty-five one-sided pages in length, in support of any motion or brief. Permission to file a brief in excess of the page limitation can be granted by the presiding judge upon a showing of compelling reasons. Torres's response to the UPLC's motion for summary judgment was rejected by the trial court clerk for failure to comply with this order.

Courts that have considered the enforcement of page limitations on pleadings have held that such limitations are not constitutionally infirm. *Barnes v. Dretke*, No.

–17–

7:03-CV-081-R, 2006 WL 229015, at *3 (N.D. Tex. Jan. 31, 2006). Moreover, even if Torres's response was rejected by the court clerk improperly, she cannot show harm. *See* TEX. R. APP. P. 44.1. The basis of the trial court's refusal to consider her response to the motion for summary judgment was its untimeliness, not its length. We have already concluded the trial court did not err in refusing to consider Torres's response because it was untimely. We overrule her fifth issue.

## XVI. Constitutionality of TCPA

In her sixth issue, Torres contends the TCPA violates the first, fifth, and fourteenth amendments to the United States Constitution. As stated above, a party asserting unconstitutionality faces a heavy burden. *See N.N.*, 234 S.W.3d at 14. Statutory law and common law precedent presume that statutes are constitutional. *Id*. Even liberally reading Torres's brief, we cannot discern any clear argument or relevant authority to show how the TCPA is facially unconstitutional. Most of Torres's complaints involve what she perceives as the inequity of how the TCPA is applied. We broadly construe Torres's issue to assert an "as applied" constitutional challenge to the TCPA's deadline for conducting a hearing.

As part of her original answer in this suit, Torres filed a motion to dismiss the UPLC's claims against her under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. The UPLC responded that the TCPA did not apply and, alternatively, the evidence on file with the court was more than sufficient to establish a prima facie case for each element of its claim that Torres was engaging in the

unauthorized practice of law. *See id.* § 27.005 (court may not dismiss legal action under TCPA if party bringing suit establishes by clear and specific evidence a prima facie case for each element of claim in question). The UPLC later supplemented its response to contend Torres's motion to dismiss should be overruled by operation of law because she failed to obtain a hearing within the required time period. *See id.* § 27.004.

The TCPA states that a hearing on a motion to dismiss must occur no later than ninety days after service of the motion.[2] *Id.* The hearing on Torres's motion was not conducted until one hundred and nineteen days after the bankruptcy stay was lifted. Torres argues she was unable to schedule the hearing sooner despite multiple attempts due to a change in the presiding judge of the court following an election.

Although the UPLC argued Torres's motion should be overruled by operation of law, it is clear from the trial court's order that this was not the ground upon which the motion was denied. The language in the written order regarding the motion being overruled by operation of law was struck through by the judge, indicating the motion was denied on the merits.

The evidence before the court at the time of its ruling was the same evidence on which the summary judgment was granted. This evidence was sufficient to show

---

[2] The single exception to this rule is if the court permits discovery under section 27.006(b). *See id.* It does not appear any such discovery was requested or permitted in this case.

not only a prima facie case for each element of the UPLC's claim, but that Torres was engaging in the unauthorized practice law as a matter of law. Because the trial court denied Torres's motion to dismiss on the merits, we conclude her "as applied" challenge to the TCPA's hearing deadline fails. *See N.N.*, 234 S.W.3d at 15. We resolve Torres's sixth issue against her.

## XVII. Appointment of Counsel

In the first part of her seventh issue, Torres contends the trial court erred in denying her request for appointment of counsel. A trial court has inherent power to appoint counsel in civil cases under exceptional circumstances where "the public and private interests at stake may be such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003). We review the trial court's decision regarding whether to appoint counsel for an abuse of discretion. *Aberegg v. Ceschan*, No. 05-12-01000-CV, 2014 WL 2921657, at *2 (Tex. App.—Dallas June 25, 2014, no pet.) (mem. op.). A trial court does not abuse its discretion in refusing to appoint counsel unless the case is "exceptional." *Id.* An exceptional circumstance is, by definition, rare and unusual. *Id.*

Suits to restrain the unauthorized practice of law are common and the relevant facts and applicable law in this case were straightforward. We cannot conclude the trial court abused its discretion in determining this suit did not present exceptional

circumstances requiring appointment of counsel. *See Gibson*, 102 S.W.3d at 713. We overrule the first part of Torres's seventh issue.

## XVIII. Spoliation

Finally, in the second part of her seventh issue, Torres contends the trial court erred in denying her "Notice to Prevent Spoliation." Torres sites no legal authority on the issue of spoliation. Instead, she simply accuses the UPLC of engaging in "gamesmanship" to withhold records. The appellate record contains no indication the UPLC failed to preserve and produce relevant records. We conclude Torres has not shown the trial court erred in denying her motion. We resolve this issue against her.

We affirm the trial court's judgment.

/Amanda L. Reichek/

AMANDA L. REICHEK
JUSTICE

210651F.P05

–21–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RUTH TORRES, Appellant

No. 05-21-00651-CV     V.

UNAUTHORIZED PRACTICE OF
LAW COMMITTEE FOR THE
SUPREME COURT OF TEXAS,
Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-07071.
Opinion delivered by Justice
Reichek. Justices Molberg and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered September 9, 2022