Ricardo G. RODRIGUEZ, Desert Mountain Transportation, LLC, and Deft Transport, Inc., Appellants

v.

David G. MARCUS, As Receiver for KF Logistics, Inc., Appellee.

No. 08–15–00252–CV

Court of Appeals of Texas, El Paso.

March 9, 2016

---

James A. Martinez, James A. Martinez, P.L.L.C., El Paso, TX, for Attorney for Appellant.

Cori A. Harbour-Valdez, The Harbour Law Firm, P.C., El Paso, TX, for Attorney for Appellee.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

YVONNE T. RODRIGUEZ, Justice

Appellee, David G. Marcus, as the receiver for KF Logistics, Inc., has filed a motion to dismiss the appeals of Desert Mountain Transportation, LLC and Deft Transport, Inc. because neither party filed a valid and timely notice of appeal. We grant the motion and dismiss the appeals of Desert Mountain Transportation and Deft Transport only.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2013, KF Logistics filed suit against Joel Chavez, Desert Mountain Transportation, LLC (Desert Mountain), and All Cargo Logistics, Inc. seeking damages and injunctive relief. Ricardo G. Rodriguez, a non-lawyer, filed an answer on behalf of Desert Mountain. A person identified as Ricardo Rodriguez filed a separate answer on behalf of All Cargo Logistics. At the non-jury trial, Ricardo Rodriguez appeared and attempted to represent both corporations even though he is not an attorney. The trial court admonished Ricardo Rodriguez that he could not represent the corporations because he is not an attorney. At the conclusion of the trial, the court rendered judgment in favor of KF Logistics against Joel Chavez, Desert Mountain Transportation, and All Cargo

Logistics, Inc. for more than $92,000. The judgment also included a permanent injunction. The defendants did not appeal, but both Ricardo G. Rodriguez and Ricardo Rodriguez continued to file post-judgment pleadings on behalf of the corporations.

In early 2015, David Marcus, as receiver of KF Logistics, filed a post-judgment plea in intervention against Ricardo G. Rodriguez, Desert Mountain, and Deft Transport. None of the defendants answered, and the trial court, on July 9, 2015, granted judgment against Richard G. Rodriguez, Desert Mountain, and Deft Transport. On July 15, 2015, Ricardo G. Rodriguez filed a notice of appeal on behalf of himself as well as Desert Mountain and Deft Transport. The clerk's record was filed, but the court reporter notified the court that the reporter's record would not be filed because Appellants had not made financial arrangements to pay for its preparation. On December 14, 2015, the Clerk's Office notified Appellants that the case was subject to dismissal for want of prosecution because they had not filed their brief. Appellants, now represented by counsel, filed a motion for extension of time to file the reporter's record and their brief. KF Logistics objected to the motion, and it filed a motion to dismiss the appeal of Desert Mountain and Deft Transport.

## MOTION TO DISMISS

We will first address the motion to dismiss. Under Tex. R. Civ. P. 7, an individual may appear in court either in person or by an attorney. A non-lawyer may not, however, represent another party in litigation or on appeal because it constitutes the unauthorized practice of law. Consequently, a corporation may not appear in court through its officers who are not attorneys. *See Kunstoplast of Amer-*

ica, Inc. v. Formosa Plastics Corporation, U.S.A., 937 S.W.2d 455, 456 (Tex.1996); Nevada Gold & Silver, Inc. v. Andrews Independent School District, 225 S.W.3d 68, 70 n. 1 (Tex.App.–El Paso 2005, no pet.); Moore By and Through Moore v. Elektro–Mobil Technik GmbH, 874 S.W.2d 324, 327 (Tex.App.–El Paso 1994, writ denied); Dell Development Corporation v. Best Indus. Uniform Supply Company, Inc., 743 S.W.2d 302, 303 (Tex.App.–Houston [14th Dist.] 1987, writ denied); see also Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993)("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel").

In Kunstoplast, the Supreme Court held that a corporation made a bona fide attempt to invoke the jurisdiction of the appellate court when its corporate officer performed the "ministerial task of depositing cash with a clerk in lieu of a cost bond." Kunstoplast, 937 S.W.2d at 456. While a corporate officer may perform the ministerial task of depositing cash in lieu of a cost bond, he is not permitted to prepare and file a notice of appeal on behalf of the corporation because that constitutes the practice of law by a non-lawyer. See TEX. GOV'T CODE ANN. § 81.101(a)(West 2013)(defining "practice of law" as the preparation of a pleading or other document incident to an action or special proceeding). Consequently, a notice of appeal filed by a corporate officer who is not an attorney is ineffective to perfect an appeal by the corporation. See Dish TV, Inc. v. Aldine Independent School District, No. 01–04–00145–CV, 2005 WL 1837952, *1 (Tex.App.–Houston [1st Dist.] 2005, no pet.)(mem.op.); Globe Leasing, Inc. v. Engine Supply and Machine Service, 437 S.W.2d 43, 45 (Tex.Civ.App.–Houston [1st Dist.] 1969, no writ). The notice of appeal Ricardo G. Rodriguez filed on behalf of Appellants Desert Mountain Transportation, LLC and Deft Transport, Inc. did not perfect their appeal. Accordingly, we dismiss the appeal as to Desert Mountain Transportation and Deft Transport only. The appeal will proceed with Ricardo G. Rodriguez as the sole appellant.

## EXTENSION OF TIME TO FILE REPORTER'S RECORD

The only remaining question is whether we should grant Ricardo G. Rodriguez's request for an extension of time in which to file the reporter's record. While these motions were pending, the court reporter submitted the reporter's record for filing on January 21, 2016. We grant the requests for extensions of time in which to file the reporter's record and the appellant's brief. Ricardo G. Rodriguez's brief is due to be filed no later than April 8, 2016.