

# Fourth Court of Appeals
## San Antonio, Texas

November 16, 2016

No. 04-16-00721-CV

**402 LONE STAR PROPERTY, LLC** and Craig Otto,
Appellants

v.

Barry L. **BRADFORD**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-08653
Honorable Gloria Saldana, Judge Presiding

## O R D E R

Appellant Craig Otto filed a pro se motion entitled "Motion for Extension of Time to File Docketing Statement and Brief." In the motion, Otto advises that his trial counsel has withdrawn from representation of both Otto and 402 Lone Star Property, LLC. Appellants' former trial counsel filed a copy of the trial court order granting his motion to withdraw, thereby substantiating Otto's claim. Otto contends he needs additional time to obtain new counsel — and by extension, additional time to file an amended docketing statement and appellants' brief.

First, we advise Otto that under Rule 7 of the Texas Rules of Civil Procedure, that although an individual may appear in court either in person or by an attorney, a non-lawyer may not represent another party in litigation or on appeal because it constitutes the unauthorized practice of law. *See Rodriguez v. Marcus*, 484 S.W.3d 656, 657–58 (Tex. App.—El Paso 2016, no pet.) (citing Tex. R. Civ. P. 7). Consequently, a corporation may not appear in court without counsel, even though its officers unless they are licensed attorneys. *Id.* (citing *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.,* 937 S.W.2d 455, 456 (Tex. 1996)). Accordingly, although Otto may file motions on his own behalf, he may not file motions on behalf of 402 Lone Star Property, LLC unless he provides proof to this court that he is an attorney licensed in the state of Texas. In sum, Otto may not act on behalf of appellant 402 Lone Star Property, LLC, and any motions filed by Otto will not be construed as a request for relief on its behalf. Second, we **GRANT** Otto's request for additional time to file his docketing statement based on the need to obtain new counsel. We **ORDER** Otto, or his new counsel, to file an amended docketing statement in this court on or before **December 20, 2016**. We advise that new counsel should file a notice of appearance with all necessary contact information. Finally, we **DENY AS MOOT**

Otto's request for an extension of time to file appellant's brief as the brief is not due until thirty days after the appellate record is filed in this court. *See* TEX. R. APP. P. 38.6(a).

We **order** the clerk of this court to serve a copy of this order on Craig Otto and all current counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of November, 2016.

_____
Keith E. Hottle
Clerk of Court