

# NUMBER 13-22-00566-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**HENRY LIZCANO AND**
**ROBERT REED,**                                                    **Appellants,**

**v.**

**MARY LISCANO BY AND**
**THROUGH HER GUARDIAN OF**
**PERSON AND ESTATE, TEXAS HEALTH**
**AND HUMAN SERVICES COMMISSION,**               **Appellee.**

---

**On appeal from the County Court at Law No. 5**
**of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

On November 28, 2022, Henry Lizcano acting pro se attempted to perfect an appeal from a trial court judgment against Robert Reed signed by the County Court at Law Number 5 of Nueces County, Texas, on November 7, 2022. Lizcano is not a party to

the underlying proceedings and the November 7, 2022 judgment. The document filed and signed by Lizcano states that Lizcano is representing Reed "as a Limited Power Attorney." Lizcano does not state that he wishes to appeal the November 7, 2022 judgment, and instead, he claims that Reed wishes to appeal. Reed did not sign the document, and he did not file a notice of appeal stating that he desires to appeal the November 7, 2022 judgment.

On December 19, 2022, the Clerk of this Court notified Lizcano and Reed that the notice of appeal does not comply with Texas Rules of Appellate Procedure 9.1, 25.1(c), and 25.1(d)(3,5). *See* TEX. R. APP. P. 9.1 (setting out that either the parties' attorney or the parties acting pro se must sign the notice of appeal), 25.1(c) (providing that each party seeking to alter the trial court's judgment must file a notice of appeal), 25.(d)(3) (requiring for the appealing parties to state each party desires to appeal), 25.1(d)(5) ("The notice of appeal must . . . state the name of each party filing the notice . . . ."). The Court further stated that if these defects were not cured, if it could be done, with an amended notice of appeal within thirty days from the date of the Court's letter, the matter would be referred to the Court for further action.

On January 10, 2023, Lizcano filed a document purporting to be an amended notice of appeal stating that Lizcano was "filing this written notice of appeal on behalf of Appellant Robert Reed" and that "[b]oth" were "jointly" filing the notice of appeal. Reed did not sign the amended notice of appeal, and Reed has not responded to our defect letter.

Lizcano is not a party to the underlying trial court proceedings, and he is unable to cure this defect. *See* TEX. R. APP. P. 25.1 (establishing that only a party may file a notice of appeal); *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) (providing that only parties of record may appeal a trial court's judgment). Although a party to the underlying proceedings, Reed has not filed a timely notice of appeal in this cause, and he has not filed anything in this Court stating that he desires to appeal the November 7, 2022 judgment. *See Baker v. Regency Nursing & Rehab. Centers, Inc.*, 534 S.W.3d 684 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) (providing that appellate court lacks jurisdiction when the appellant fails to file a timely notice of appeal); *see also* TEX. R. APP. P. 9.1, 25.1. In addition, Lizcano is not a licensed attorney and is therefore prohibited from representing Reed. *See Rodriguez v. Marcus*, 484 S.W.3d 656, 657 (Tex. App.—El Paso 2016, no pet.) ("A non-lawyer may not, however, represent another party in litigation or on appeal because it constitutes the unauthorized practice of law.").

Thus, the Court, having considered the documents on file and the fact that Lizcano is not a party to the underlying proceedings and judgment, is of the opinion that the appeal as to Lizcano should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 25.1; *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d at 723. Likewise, as to Reed, after having considered the documents on file and the fact that Reed has not filed a signed notice of appeal stating that he desires to appeal the trial court's judgment in this cause, the Court is of the opinion that the appeal as to Reed should be dismissed for want of jurisdiction.

Accordingly, this appeal is dismissed for want of jurisdiction. *See* Tᴇx. R. Aᴘᴘ. 42.3 (a), (c).

JAIME TIJERINA
Justice

Delivered and filed on the
2nd day of March, 2023

4