COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| ANA MARGARITA FUSHILLE ABRAHAM, MARGARET ABRAHAM, and THE TAP LOUNGE, LLC, | § | No. 08-23-00152-CV |
| | § | Appeal from the |
| Appellants, | § | 41st Judicial District Court |
| v. | § | of El Paso County, Texas |
| RITA HERNANDEZ, CHARLENE SOULE, SOULE CORPORATION, INC., and 408 ESPITA, LLC, | § | Cause No. 2019DCV0403 |
| Appellees. | | |

## **O P I N I O N**

This appeal involves disputes related to the Tap Lounge, a long-operating restaurant and bar in downtown El Paso. After a bankruptcy proceeding involving debtor William Abraham (who is not a party to this appeal), Appellants Ana Margarita Fushille Abraham, Margaret Abraham, and The Tap Lounge, LLC, filed suit in state court against Appellees Rita Hernandez, Charlene Soule, and Soule Corporation, Inc.[1] Soon thereafter, Appellee 408 Espita, LLC, intervened in the suit. Appellants asserted claims of breach of fiduciary duty, conversion, and theft liability, and they sought monetary damages, equitable remedies, and declaratory relief to include a determination of

---

[1] For clarity and distinction, we refer at times to William Abraham and the individual Appellants by their given names.

the ownership of the restaurant/bar and its related assets. Appellees filed competing claims. The trial court determined ownership issues against Appellants on partial summary judgment, and a jury later returned a take-nothing verdict on Appellants' liability claims against Hernandez and Soule for mismanagement of the business and theft. On appeal, we dismiss Appellants Margaret Abraham and the Tap Lounge, LLC, pursuant to Appellees' motion to dismiss, based on their respective failure to timely perfect appeal and to prosecute the appeal. Finally, based on procedural grounds and controlling precedent, we conclude the trial court did not err in rendering judgment against Ana Margarita's claims. Accordingly, we affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Tap Lounge is a family-owned restaurant and bar in El Paso, continuously operating since 1956 at 408 E. San Antonio. The real property where the business is located was deeded to Charlene Soule in 1998, after she executed a deed of trust granting a security interest in the establishment and its furniture, fixtures, and equipment (FFE).

Through a series of transfers, an entity owned by William D. Abraham acquired the deed of trust, and he formed an entity called the Tap Lounge, LLC, in 2001. Abraham's entity later foreclosed on the liens against all of the real and personal property located at 408 E. San Antonio. Eventually, through a series of additional transfers through a number of William's entities, including The Tap Lounge, LLC, the real property came to be owned in 2013 by yet another one of William's entities.

In 2015, William transferred all of his interest in The Tap Lounge, LLC, by transferring 50% of his ownership interest to Margaret Abraham, his mother, and the other 50% to Ana Margarita Fushille Abraham, his ex-wife. That same day, William executed a Bill of Sale

2

transferring the FFE to Ana Margarita. Later in 2015, Margaret Abraham transferred The Tap Lounge, LLC, to Rita Hernandez, Soule's sister-in-law.

In 2018, William declared bankruptcy. The entity that owned the real property was subsequently consolidated with William's bankruptcy estate. William did not disclose in the bankruptcy proceeding either his prior ownership in or his entity's month-to-month lease with The Tap Lounge, LLC.

The bankruptcy trustee filed a motion to sell the real property of the establishment free and clear of liens, claims, interests and encumbrances. Ana Margarita received a copy of the pleading as one of William's creditors, and she did not object to the sale. The bankruptcy court later entered an order approving the sale, and the sale documents confirmed that the FFE was transferred, along with the real property, to the buyer. In December 2018, the buyer assigned the contract to 408 Espita, LLC, and 408 Espita entered into a lease of the real property with Soule.

In January 2019, Ana Margarita and Margaret filed suit seeking declaratory relief against Appellees Soule and Hernandez regarding the ownership of The Tap Lounge, LLC, and sought damages and equitable remedies for their breach of fiduciary duty, theft, and conversion. Appellants' petition alleged that Soule and Hernandez conspired and devised a plan to usurp ownership of the Tap Lounge, LLC, and claim it for themselves. Subsequently, The Tap Lounge, LLC, was added as a plaintiff, and 408 Espita and Soule Corporation intervened, all seeking declaratory relief on the ownership of The Tap Lounge, LLC, among other claims.

Soon, 408 Espita filed a motion for traditional and no-evidence partial summary judgment. 408 Espita asserted there was no genuine issue of material fact and sought declaratory judgment on the ownership of the personal property, equipment, furniture, and fixtures located at the real

property; on Soule's right to operate under a lease at the real property and Appellants' lack thereof; and other issues.

The trial court granted summary judgment declaring ownership on 408 Espita's motions. Prior to trial on the remaining issues, the trial court allowed Appellants' attorney to withdraw. Appellants failed to provide evidence of damages in response to discovery requests, and the trial court excluded that evidence prior to trial. At trial, the trial court granted directed verdicts on all of Appellants' causes of action except breach of fiduciary duty, which went to the jury. A jury found that Soule and Hernandez each had a fiduciary duty to The Tap Lounge, LLC, but neither breached their respective duty. The jury awarded attorney's fees to Appellees, which the trial court adjusted in its judgment. Having obtained new counsel, Ana Margarita and The Tap Lounge, LLC, filed a notice of appeal, and this appeal followed.

## II. Motion to Dismiss

As a preliminary matter, we consider a pending motion to dismiss. Appellees Hernandez, Soule, and Soule Corporation, Inc. (the Soule parties) moved to dismiss Margaret's and The Tap Lounge, LLC's appeals. The Soule parties base their motion to dismiss Margaret's appeal on two grounds, that she neither filed a notice of appeal nor an appellant's brief on her own behalf. Similarly, they seek dismissal of The Tap Lounge, LLC's appeal based on its failure to file either an appellant's brief or a motion for extension of time to file a brief. We called for responses from Ana Margarita, Margaret, and The Tap Lounge, LLC. Only Margaret responded, with a letter stating there was a clerical error in leaving her off Ana Margarita's brief and the notice of appeal and requesting our Court to "accept and acknowledge" her participation in the brief and her appeal, both "personally and as 50% owner of . . . The Tap Lounge, LLC." Because the motion to dismiss is based on both Margaret's and The Tap Lounge, LLC's failure to properly act on their own accord

4

or through legal representation, we first address Ana Margarita's ability to act on behalf of either of them considering she appears pro se, as her attorney of record was permitted to withdraw after the filing of the notice of appeal.

## A. The unauthorized practice of law

The Texas Legislature has defined the "practice of law," in part, as "the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court . . . ." Tex. Gov't Code Ann. § 81.101(a). Generally, persons may not practice law in Texas unless they are licensed as a member of the state bar. *Id.* § 81.102(a). While any party to a suit may appear in person or through an attorney and prosecute or defend its own rights, Tex. R. Civ. P. 7, an unlicensed person may not draft documents and appear in court on behalf of another, because doing so violates the restriction against nonlawyers practicing law. *Rodriguez v. Marcus*, 484 S.W.3d 656, 657 (Tex. App.—El Paso 2016, no pet.); *Drew v. Unauth. Prac. of Law Comm.*, 970 S.W.2d 152, 156 (Tex. App.—Austin 1998, pet. denied). Neither may a non-attorney corporate officer represent the corporation in court, as this also constitutes the unauthorized practice of law. *Rodriguez*, 484 S.W.3d at 657. With the exception of performing certain ministerial tasks, a corporation must be represented in court by a licensed attorney. *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam).

Ana Margarita and The Tap Lounge, LLC, filed a notice of appeal through their attorney of record, but Margaret did not. The attorney of record moved to withdraw as counsel about three weeks later, and this court granted that motion. No new counsel has appeared for any Appellants since their attorney's withdrawal, and Ana Margarita thereafter filed a pro se brief on her own behalf.

5

Although Ana Margarita's brief initially identifies only herself as an appellant and Margaret and The Tap Lounge, LLC, as only plaintiffs in the trial court, the argument section is presented on behalf of "Appellants," collectively. Several times throughout her brief, Ana Margarita distinguishes herself factually from The Tap Lounge, LLC, and Margaret, yet she continually argues on behalf of multiple Appellants and prays for relief on behalf of multiple Appellants, without stating who is included in that grouping.

Although Ana Margarita may appear on her own behalf, she may not act in a representative capacity to represent either The Tap Lounge, LLC, or Margaret. *See Rodriguez*, 484 S.W.3d at 657; *Kunstoplast*, 937 S.W.2d at 456. Ana Margarita's brief, then, cannot be construed as presenting an argument on appeal for either The Tap Lounge, LLC, or Margaret. *See Drew*, 970 S.W.2d at 156; *see also Altech Controls Corp. v. Malone*, No. 14-17-00737-CV, 2019 WL 3562633, at *7 (Tex. App.—Houston [14th Dist.] Aug. 6, 2019, no pet.) (mem. op.) (citing *Sherman v. Boston*, 486 S.W.3d 88, 95–96 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)) ("A non-attorney's attempt to appear for a corporation or present a case on its behalf has no legal effect.").

For the same reasons, Margaret cannot appear on behalf of The Tap Lounge, LLC. We cannot, then, construe any requests by Margaret, through her letter response to the motion to dismiss, as arguments on behalf of The Tap Lounge, LLC.

We conclude that due to the prohibition of the unauthorized practice of law, The Tap Lounge, LLC, has not timely filed a brief in this appeal. Accordingly, we grant the Soule parties' motion to dismiss the appeal of The Tap Lounge, LLC, for want of prosecution. *See* Tex. R. App. P. 42.3.

Remaining before us, then, is a brief filed by Ana Margarita presenting arguments on her own behalf, plus a request from Margaret asking that we allow her to seek appellate relief, even though she has not filed a notice of appeal. We address that shortcoming next.

## B. Failure to file a notice of appeal

"A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal." Tex. R. App. P. 25.1(c); *State ex rel. Durden v. Shahan*, 658 S.W.3d 300, 304 (Tex. 2022). Although parties whose interests are aligned may file a joint notice of appeal, except for just cause, a party seeking more favorable relief than it received in the trial court must file a notice of appeal. Tex. R. App. P. 25.1(c).

A motion for extension of time to file a notice of appeal is necessarily implied when a party, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 of the Texas Rules of Appellate Procedure, but within the 15-day period in which the party would be entitled to move to extend the filing deadline under Rule 26.3. *Noel Life v. E. El Paso Vet. Hosp.*, 2022 WL 17543727, at *1 (Tex. App.—El Paso Dec. 8, 2022, no pet.) (mem. op.) (citing Tex. R. App. P. 26.1, 26.3 and *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)). However, a party must still provide the Court with a reasonable explanation for the late filing of the notice of appeal before the Court may accept the appeal. *Id.*

> An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

Tex. R. App. P. 25.1(g).

"When a party has timely made a bona fide attempt to invoke appellate jurisdiction, the court of appeals must accept the deficient notice or give the party an opportunity to amend and refile it to perfect the appeal." *Durden*, 658 S.W.3d at 305. Failing to file a timely notice of appeal, however, is "the most fundamental procedural error" because a timely notice of appeal confers jurisdiction on the appellate court. *Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022). The need for a timely notice of appeal, a jurisdictional prerequisite to maintaining an appeal, is an inflexible rule that provides no opportunity for relief regardless of how sympathetic a claim may be. *In re Stetson Renewables Holdings, LLC*, 658 S.W.3d 292, 298 n. 11 (Tex. 2022) (orig. proceeding).

Margaret did not file a notice of appeal and no party has filed an amended notice of appeal. Although Ana Margarita's brief presents arguments on behalf of "Appellants," as a non-lawyer, she is prohibited from presenting argument on Margaret's behalf. *See Rodriguez*, 484 S.W.3d at 657; *Kunstoplast*, 937 S.W.2d at 456. Margaret filed nothing in this court until after Ana Margarita filed her brief and the Soule parties moved to dismiss, and then only at the request of this Court. In that letter, Margaret asked that she and The Tap Lounge, LLC, be allowed to proceed with their appeal because the trial court's judgment was joint and several, imposing liability on not only the corporation, but the individual members of the corporation. Although Margaret indicated that the LLC had forfeited its charter for failure to pay its franchise taxes, she gave no reasonable explanation for her failure to timely file a notice of appeal.

We acknowledge the Supreme Court's directive to decide appeals on the merits rather than dismissing them for procedural defects. *See Durden*, 658 S.W.3d at 304. However, we cannot credit Ana Margarita's unauthorized efforts at representing others as any attempt by Margaret to invoke this Court's jurisdiction. Here, Margaret did not file a notice of appeal, did not

communicate with this Court in any fashion until after the Soule parties filed their motion to dismiss, and did not provide a reasonable explanation for her failure to timely file a notice of appeal. No party has filed an amended notice of appeal. Under these circumstances, we conclude Margaret did not make any bona fide attempt to timely invoke this Court's jurisdiction over her appeal. *See id.* at 304–05. Accordingly, we grant the Soule parties' motion to dismiss Margaret's appeal for want of jurisdiction. *See Noel Life*, 2022 WL 17543727, at *1 (citing Tex. R. App. P. 26.3; 42.3(a), *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998), and *Verburgt*, 959 S.W.2d at 617).

Based on these determinations, we address Ana Margarita's issues on appeal only as they apply to her.

### III.  PROCEEDING ON A PARTIAL REPORTER'S RECORD

Before proceeding to Ana Margarita's issues on appeal, we must first address the presumptions created by virtue of her proceeding on a partial reporter's record. Ana Margarita requested a partial reporter's record but did not include a statement of issues.

An appellant proceeding on a partial reporter's record from the trial court "must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." Tex. R. App. P. 34.6(c)(1); *Salazar v. Payan*, 676 S.W.3d 752, 757 (Tex. App.—El Paso 2023, no pet.). "When an appellant files a partial reporter's record, but fails to comply with Rule 34.6(c), we are required to presume that the omitted portions of the reporter's record are relevant and support the trial court's judgment." *Estate of Soto*, 587 S.W.3d 446, 449 (Tex. App.—El Paso 2019, no pet.). As is relevant here, an appellant's failure to include the required statement of the issues under Rule 34.6(c) deems the record incomplete, and we

9

"presume[] the omitted portions of the reporter's record are relevant and support the trial court's judgment." *Salazar*, 676 S.W.3d at 757 (citing *Soto*, 587 S.W.3d at 449).

The reporter's record on appeal consists of a transcript of proceedings from May 31, 2022, on plaintiffs' plea to the jurisdiction, motions for summary judgment by the Soule parties and 408 Espita, and objections to summary judgment evidence; a transcript of a pretrial hearing on September 29, 2022; a transcript of pretrial matters on March 6, 2023; and certain portions of the trial transcript. The partial trial transcript consists of: excerpts of Ana Margarita's first testimony and her complete testimony from the second time she was called; excerpts of Charlene Soule's testimony; excerpts of Stephen Nickey's testimony regarding attorney's fees; a stipulation on the ownership of The Tap Lounge, LLC; the motion for directed verdict; and two exhibits, neither of which was a part of any of the trial transcript excerpts requested.

Because Ana Margarita chose to proceed on a partial reporter's record, and she did not file the statement of the issues required by Rule 34.6(c), we must deem the record incomplete and presume that the omitted portions of the reporter's record are relevant and support the trial court's judgment. *See Salazar*, 676 S.W.3d at 757.

## IV. DISCUSSION

Ana Margarita maintains in four issues that error occurred in the trial court. In her first three issues, Ana Margarita claims the trial court erred in: (1) granting summary judgment where issues of material fact existed; (2) excluding her evidence of damages; and (3) granting declaratory judgment on moot issues. In her fourth issue, Ana Margarita urges that the jury's verdict was against the legal and factual sufficiency of the evidence. Because Ana Margarita's second and fourth issues are determined by the presumptions we must make due to the partial reporter's record and her inability to represent any party other than herself, we combine and address those issues

10

first. Thereafter, we address Ana Margarita's remaining two issues, the resolution of which turn on the state of Ana Margarita's brief and the parties' pleadings.

### A. Issues two and four

In her second issue, Ana Margarita contends the trial court wrongfully excluded her evidence of damages, resulting in a directed verdict on her causes of action for conversion, constructive trust, violation of the Theft Liability Act, misappropriation, and disgorgement. Ana Margarita asks us to vacate the trial court's order excluding evidence of damages and render judgment in her favor or remand for trial on the issue of damages. In her fourth issue, Ana Margarita claims the jury's verdict was contrary to the legal and factual sufficiency of the evidence. She claims the evidence established that Charlene Soule and Rita Hernandez breached their fiduciary duty to The Tap Lounge, LLC. We first address the exclusion of evidence.

We review a trial court's evidentiary rulings for an abuse of discretion. *Jackson v. Takara*, 675 S.W.3d 1, 6 (Tex. 2023). But even if a trial court abuses its discretion in an evidentiary ruling, reversal is appropriate only if the error was harmful. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012); Tex. R. App. P. 44.1. Thus, we must determine whether any error in excluding evidence was harmful—that is, if it "probably resulted in an improper judgment[.]" *Id*.; *see* Tex. R. App. P. 44.1, 61.1. "Probable error is . . . a matter of judgment drawn from an evaluation of the whole case from voir dire to closing argument, considering the state of the evidence, the strength and weakness of the case, and the verdict." *El Paso Indep. Sch. Dist. v. Portillo*, 661 S.W.3d 512, 542 (Tex. App.—El Paso 2023, pet. denied). In conducting this harmful error analysis, we are to "review the entire record to determine whether the excluded evidence was crucial to a key issue in the case, or whether it was cumulative of other evidence in the record." *Id.* at 542.

As recounted above, Ana Margarita requested only a partial reporter's record and she did not file a statement of issues. Requesting a partial reporter's record can serve as a means of limiting the issues, as well as the cost, of the appeal. *See CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 439 (Tex. App.—Fort Worth 1999, no pet.). When a partial reporter's record is requested, compliance with the requirement of producing a statement of issues allows other parties to designate additional exhibits and portions of testimony to be included in the reporter's record. *See Id.* R. 34.6(c)(2). Relevant to the scope of review on appeal, properly requesting a partial reporter's record lays a foundation for a presumption that the partial reporter's record constitutes the entire record for purposes of appellate review. *Id.* R. 34.6(c)(2), (4). Conversely, failure to include the required statement of issues creates an entirely different presumption, and instead, "the record is deemed incomplete, and the appellate court presumes the omitted portions of the reporter's record are relevant and support the trial court's judgment." *Estate of Soto v. Mireles*, 587 S.W.3d 446, 449 (Tex. App.—El Paso 2019, no pet.) (citing *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002)).

Our analysis for error in an evidentiary ruling requires a review of the entire record, and it was Ana Margarita's burden to demonstrate that the improper judgment turned on the erroneously excluded evidence. *See id.* (citing *Sanchez v. Balderrama*, 546 S.W.3d 230, 235 (Tex. App.—El Paso 2017, no pet.)). Since we cannot review the entire record to determine whether any evidentiary error probably resulted in an improper judgment, we are unable to review for reversible error. *See id.* Further, Ana Margarita's failure to include a statement of issues deems the record incomplete and requires us to presume that the omitted portions of the reporter's record are relevant and support the trial court's judgment. *See id.*

Harmful reversible error based on an evidentiary ruling cannot be established based on a partial reporter's record that lacks a statement of issues. *Id.* at 449–50. Because Ana Margarita failed to comply with Rule 34.6(c) by providing a statement of issues, we presume the evidence omitted from the record would have shown that any error in the trial court's exclusion of her damages evidence was harmless. *See id.* at 450.

Regarding Ana Margarita's fourth issue claiming the jury verdict was against the legal and factual sufficiency of the evidence, we recognize the jury determined that, although Soule and Hernandez owed a fiduciary duty to The Tap Lounge, LLC, neither of them breached their respective duty. As discussed above, Ana Margarita cannot present issues before the court on behalf of The Tap Lounge, LLC, as she is not a licensed attorney. *See Kunstoplast*, 937 S.W.2d at 456. We cannot, then, consider this issue, as Ana Margarita raises it on behalf of The Tap Lounge, LLC. Even if we could, for Ana Margarita to prevail on this argument, we would have to conclude that the evidence is legally or factually insufficient to support the jury's findings. For the reasons discussed above, we must presume the omitted portions of the record contains relevant evidence supportive of the trial court's judgment based on the jury findings. *See Haut v. Green Cafe Mgmt., Inc.*, 376 S.W.3d 171, 182 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Because we must apply this presumption, Ana Margarita cannot succeed in her arguments under this issue for this second reason.

We overrule Ana Margarita's second and fourth issues.

## B.  Issues one and three

In her first issue, Ana Margarita claims summary judgment was improper because genuine issues of material fact existed. Specifically, Ana Margarita contends the trial court erred by granting summary judgment to 408 Espita on its assertion that it was the owner of the FFE at issue.

13

In her third issue, Ana Margarita claims the trial court erred in issuing declarations under the UDJA in response to 408 Espita's motion for partial summary judgment because certain of the declarations were moot. Specifically, she argues that she, Margaret, and the Tap Lounge, LLC, all gave assurances in their summary judgment response that none of them were making any of the claims that were eventually outlined in the trial court's declarations.

### (1) Standard of review

We review de novo a trial court's ruling on a motion for summary judgment, indulging every reasonable inference and resolving any doubt in favor of the nonmovant. *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). We review declaratory judgments under the same standards as other judgments, looking to the procedure used in the trial court to resolve the issue, and applying the standard of review applicable to that procedure. *Browne v. Ortiz*, 657 S.W.3d 704, 708 (Tex. App.—El Paso 2022, no pet.). In this case, because the complained-of declarations were determined at the summary judgment stage, we review the declaratory portions of the judgment de novo, as well. *See Sanchez v. Barragan*, 624 S.W.3d 832, 838 (Tex. App.—El Paso 2021, no pet.).

### (2) Analysis

In her first issue, Ana Margarita urges the trial court erred in granting summary judgment as to ownership of the FFE because fact issues remained. She asserts it was a "legal impossibility" for the FFE she owned to have been sold as an asset at an auction in William's bankruptcy because the FFE was not part of William's bankruptcy estate as he had transferred the FFE to her and Margaret in 2015. In response, 408 Espita argues it established as a matter of law that its predecessor-in-interest acquired not only the real property but also the personal property located

14

in the real property, plus the right to use the name "The Tap," through William's bankruptcy proceedings.

To start, Appellees raise briefing waiver, alleging Ana Margarita failed to include appropriate citations to authority and to the record. *See* Tex. R. App. P. 38.1(i). The Supreme Court of Texas has recognized that failure to provide citations supporting an appellate issue may waive raising error on that issue. *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015); *see also In re A.N.G.*, 631 S.W.3d 471, 476–77 (Tex. App.—El Paso 2021, no pet.) (explaining that issues "may be waived when appellant fails to provide citations, argument, or analysis" and the Court is "not required to perform research nor develop an argument for an appellant who inadequately prepares an appellate brief"). Yet, we are also instructed by our state's highest court "to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 n.15 (Tex. 2004) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997)).

Bearing in mind the directive that we construe the briefing rules liberally, with respect to Ana Margarita's issue claiming error in the rendering of summary judgment, we agree with Appellees. Ana Margarita wholly failed to cite any legal authority in the section of her brief seeking reversal of summary judgment. She neither cited authority supporting her own position on the merits nor in urging that 408 Espita's arguments are red herrings.

It is an appellant's burden to file a brief identifying the issues and presenting argument with appropriate citations to authorities and to the record in support of its contentions. *See* Tex. R. App. P. 38.1. Based on a complete lack of citation to authority, Ana Margarita's claim of error in rendering summary judgment on the issue of ownership of the FFE is left undeveloped. Ana

Margarita's failure to support her argument on appeal with citations to any legal authority waives this issue on appeal. *See* Tex. R. App. P. 38.1(i); *Ross*, 462 S.W.3d at 500; *A.N.G.*, 631 S.W.3d at 476–77.

We move, then, to Ana Margarita's third issue, which is slightly more developed in her brief, as it contains citations to three cases. In her third issue and apart from her dispute over the FFE, Ana Margarita claims the trial court erred in issuing declarations under the Uniform Declaratory Judgments Act (the UDJA) in response to 408 Espita's motion for partial summary judgment because certain of the declarations were moot. Specifically, Ana Margarita urges the following declarations addressed moot issues:

2) that Intervenor, 408 Espita, LLC, has a lease with Charlene Soule and not the Tap Lounge, LLC;

3) that Intervening Defendants Ana Margarita Fushille Abraham, Margaret Abraham, and The Tap Lounge, LLC do not have any leasehold right in the Real Property;

4) that Intervening Defendants Ana Margarita Fushille Abraham, Margaret Abraham, and The Tap Lounge, LLC are not entitled to operate a business at the Real Property[.]

Examining the three declarations of which Ana Margarita complains, we again reference the prohibition that Ana Margarita, a non-lawyer, may not represent anyone other than herself. *See Rodriguez*, 484 S.W.3d at 657; *Kunstoplast*, 937 S.W.2d at 456. Ana Margarita makes no argument here as to how a declaration that 408 Espita has a lease with Charlene Soule and not The Tap Lounge, LLC, would affect her personally, so we do not consider her complaint regarding the first declaration. The same is true regarding the second and third declarations, and we will consider them only insofar as they solely refer to Ana Margarita.

16

"A person interested under a deed, . . . written contract, or other writings . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (establishing the proper subject matter of relief sought under the UDJA). "[T]he UDJA does not authorize a court to decide a case in which the issues are hypothetical or contingent—the dispute must still involve an actual controversy." *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 684 (Tex. 2020).

Ana Margarita claims the subject matter of the second and third referenced declarations was moot, as she informed the trial court in her response to 408 Espita's motion for partial summary judgment that she neither claimed to have a lease agreement with 408 Espita nor to have a right to enter 408 Espita's property and operate a business there. On this basis, Ana Margarita asks this Court to vacate these declarations, the summary judgment, and the accompanying attorney's fee award. Appellees respond that the parties' pleadings, including Ana Margarita's pleadings, and the motions for summary judgment show there were contested and pending issues regarding the rights to the real property, and its related assets, thus these matters were not rendered moot during the proceeding. We agree with Appellees.

An issue in a case will become moot if "a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam). However, even if an issue becomes moot, a party's interest in obtaining attorney's fees under the UDJA "breathes life" into the matter and prevents it from being moot. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005).

Plaintiffs' Second Amended Original Petition, the live pleading at the time the trial court entered both its summary judgment and its final judgment containing the complained-of declarations, states that it arises out of competing claims of ownership regarding The Tap Lounge, LLC. The petition seeks a constructive trust on all real and personal properties wrongfully obtained from The Tap Lounge, LLC, and its owners. The petition specifically states the constructive trust should be imposed on Soule's lease agreement for 408 E. San Antonio.

Even so, Ana Margarita urges that she caused portions of her own claims of ownership of a leasehold interest in The Tap Lounge, LLC, and the right to do business at the real property to become moot due to certain representations she made in response to a motion for summary judgment. Yet her pleading in effect at that time (and, in fact, filed subsequent to the filing of 408 Espita's motion for partial summary judgment and three days before she filed her response to the motion for partial summary judgment) and through the time of trial still actively sought that a constructive trust be imposed on the real property and Soule's lease agreement. Despite the statements in her summary judgment response, Ana Margarita neither nonsuited nor withdrew her constructive trust cause of action.

The Supreme Court of Texas has recently instructed that mootness should not be readily found, "particularly when a party has taken steps to cause mootness." *Contract Freighters*, 646 S.W.3d at 813 (holding that a party's withdrawal of discovery requests after the opposing party petitioned for mandamus on the issue did not moot a discovery dispute). Based on Ana Margarita's live claim for constructive trust on the lease for the real property, we conclude the controversy regarding her rights in the leasehold interest and her right to do business at the real property did not cease to exist and thus were not moot issues *See id.* Moreover, even if the underlying controversy had been resolved, 408 Espita's claim for attorney's fees based on its request for

declaratory judgment would have "breathed life" into the issues, preventing them from becoming moot. *See Allstate Ins. Co.*, 159 S.W.3d at 643.

In summary, Ana Margarita waived complaint about the trial court's issuance of summary judgment because she failed to cite any authority on that point. *See* Tex. R. App. P. 38.1(i); *Ross*, 462 S.W.3d at 500; *A.N.G.*, 631 S.W.3d at 476–77. Further, the trial court did not err in issuing declarations at the summary judgment stage and again in the final judgment that Ana Margarita had neither leasehold rights nor the right to operate a business at the real property, as those determinations were not moot. *See Contract Freighters*, 646 S.W.3d at 813.

We overrule Ana Margarita's first and third issues.

## V.  CONCLUSION

We dismiss Margaret Abraham's appeal for lack of jurisdiction. We dismiss The Tap Lounge, LLC's appeal due to want of prosecution. Otherwise, we affirm the trial court's judgment.

GINA M. PALAFOX, Justice

October 21, 2024

Before Alley, C.J., Palafox and Soto, JJ.

19