

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00162-CV

_____

ERIC ELLIS, AS NEXT FRIEND TO H.D.E., A MINOR CHILD, Appellant

V.

COURTNEY PRINCE; LVTRISE, INC.; AND ABOVE THE CLOUDS, INC.,
Appellees

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-359053-24

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction and Background

Appellant Eric Ellis—as next friend to H.D.E., a minor child—filed suit against Appellees Courtney Prince; LVTRise, Inc.; and Above the Clouds, Inc. after his daughter injured her big toe during ballet classes that Prince taught for Above the Clouds on LVTRise's premises. Ellis appeared on his daughter's behalf even though he is not a licensed attorney in the State of Texas. LVTRise filed a combined motion to show authority,[1] motion to strike, and motion to dismiss. No response appears in the record.[2] The trial court granted LVTRise's motion, ordered that Ellis's pleadings be struck, and ordered that Ellis's claims against LVTRise be dismissed.

Ellis then filed a motion to vacate and motion for sanctions, contending that the trial court erred when it granted LVTRise's motion to dismiss because the motion "had general demurrer effects" on Ellis's pleadings and because the Texas Rules of Civil Procedure strictly prohibit the use of general demurrers. Ellis requested sanctions "for inconvenience and harassment." Ellis also filed an amended complaint, but he did not correct the Rule 12 issue and continued to appear on his daughter's behalf. Ellis subsequently filed a notice of appeal.

---

[1]Texas Rule of Civil Procedure 12 governs motions to show authority, so this is often referred to as a Rule 12 motion. Tex. R. Civ. P. 12.

[2]The order granting the motion to dismiss states that the trial court considered the motion and the response, but this appears to be a typographical error.

We abated the case for the trial court to clarify its order because it stated that it was dismissing the claims against LVTRise without mentioning the claims against Above the Clouds and Prince while also striking all of Ellis's then-filed pleadings. In response, the trial court signed an amended order granting LVTRise's motion, striking Ellis's pleadings, and dismissing Ellis's claims against "each defendant." This appeal proceeded with Ellis's filing an initial brief and then a corrected brief[3] on his daughter's behalf raising five issues challenging the trial court's dismissal of the case.[4] Because the law prohibits nonattorneys from appearing on another's behalf, we affirm; but because this was not a merits-based decision, we modify the judgment to state that it is "without prejudice."

## II. Discussion

We will address Ellis's five issues out of order. In his fifth issue, Ellis argues that the trial court erred by granting LVTRise's motion to show authority, motion to strike, and motion to dismiss. Ellis's corrected brief consists of twenty-four numbered paragraphs; he does not set forth the arguments that pertain to each of his five issues under any headings, nor does he designate which of his arguments relate to his fifth issue. It appears that the arguments that are related to his fifth issue include the following: (1) he had no duty to respond to LVTRise's Rule 12 motion to show

---

[3]After receiving his initial brief, we sent Ellis a letter identifying multiple deficiencies in his brief, and he filed a corrected brief.

[4]Only LVTRise filed a brief with this court.

3

authority because he is not an attorney, (2) he is H.D.E.'s father and has authority as a parent to prosecute and defend on her behalf and so his pleading should have survived the Rule 12 motion, and (3) orders on Rule 12 motions are generally interlocutory. As discussed below, none of these arguments is meritorious.

At the outset, we address Ellis's jurisdiction argument that the trial court's order is interlocutory. Although the initial order did not clearly state that Ellis's claims against all defendants were dismissed, the trial court's amended order did so. Because the trial court's amended order disposed of Ellis's claims against all parties, it is a final order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that "[a] judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record").

As to Ellis's merits-based challenges to the amended order, we begin by setting forth the applicable law and the standard of review. Texas Rule of Civil Procedure 12 provides in pertinent part that

> [a] party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act. . . . At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause[] and shall strike the pleadings if no person who is authorized to prosecute or defend appears.

4

Tex. R. Civ. P. 12.  We review a trial court's ruling on a motion to show authority for an abuse of discretion.  *Tanner v. Black*, 464 S.W.3d 23, 26 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

The Corpus Christi–Edinburg Court of Appeals has summarized the provisions of the Texas Government Code and the Texas Rules of Civil Procedure that govern the practice of law:

> The Texas Government Code defines the practice of law as the "preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court."  Tex. Gov't Code Ann. § 81.101(a).  Generally, a person may not practice law in the state of Texas unless the person is a member of the state bar.  *Id.* § 81.102(a). The Texas Supreme Court may promulgate rules allowing others to practice law in Texas, but that power is limited to practice by (1) attorneys licensed in foreign jurisdictions, (2) bona fide law students, and (3) unlicensed graduate students who attend or attended a law school approved by the Texas Supreme Court.  *Id.* § 81.102(b).  In addition, though an individual may appear in court either in person or by an attorney, Tex. R. Civ. P. 7, "[a] non-lawyer may not . . . represent another party in litigation or on appeal because it constitutes the unauthorized practice of law." *Rodriguez v. Marcus*, 484 S.W.3d 656, 657 (Tex. App.—El Paso, 2016 no pet.).
>
> Texas Rule of Civil Procedure 44 provides that "[m]inors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by 'next friend' . . . ." Tex. R. Civ. P. 44.  However, Rule 44 does not vitiate § 81.102 of the Texas Government Code and allow unlicensed persons to practice law through appointment as "next friend." *Jimison ex rel. Parker v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ); *see also McCrimmon v. Taylor*, No. 01-08-00644-CV, 2009 WL 417278, [at] *1 (Tex. App.—Houston [1st. Dist.] Feb. 19, 2009, pet. denied) (mem. op). . . . [A] non-lawyer . . . is prohibited from representing another party in litigation or on appeal, notwithstanding the provisions of Rule 44.  *See* Tex. R. Civ. P. 7; Tex. Gov't Code Ann. § 81.102(a); *Rodriguez,*

5

484 S.W.3d at 657; *Mann*, 957 S.W.2d at 861; *see also Taylor*, 2009 WL 417278[,] at *1.

*Swain v. Dobbs*, 692 S.W.3d 720, 731–32 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.); *see also Martin v. Comm'l Metals Co.*, 138 S.W.3d 619, 622 (Tex. App.—Dallas 2004, no pet.) (noting that Rule 44 does not grant unlicensed individuals authority to practice law under the auspices of "next friend").

Here, the record demonstrates that Ellis did not request that the reporter's record from the show-authority hearing be prepared or ask that it be made part of the appellate record. LVTRise's brief notes that Ellis failed to respond and appear at the hearing. *Cf. In re B.E.A.R.*, No. 05-02-01493-CV, 2003 WL 21544507, at *2 (Tex. App.—Dallas July 10, 2003, no pet.) (mem. op.) (holding that trial court did not abuse its discretion by granting motion to show authority, striking the pleadings, and dismissing the case pursuant to Rule 12 when person failed to put on any proof at hearing to show that he had sufficient authority to prosecute the parentage suit on the child's behalf). Moreover, Ellis admits in his brief that he is not an attorney.

Ellis confuses his ability to serve as his daughter's next friend with his ability to act as her attorney. LVTRise made clear in its motion that Ellis can serve as his daughter's next friend but cannot legally represent her interest because he is not a licensed attorney; thus, his attempts to file suit on her behalf constitute engaging in an unauthorized practice of law. We agree. *See* Tex. Gov't Code Ann. § 81.102; Tex. R. Civ. P. 44; *Swain*, 692 S.W.3d at 732 (holding that trial court did not err by

6

prohibiting plaintiff's son from practicing law as plaintiff's non-attorney representative); *Magaha v. Holmes*, 886 S.W.2d 447, 448–49 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (per curiam) (denying motion for leave to file petition for writ of mandamus because it was filed on relator's behalf by his non-attorney mother). Accordingly, we overrule Ellis's fifth issue.

In his first four issues, Ellis challenges the procedure that LVTRise used to dismiss his claims, arguing that it was "an unauthorized procedural mechanism," that it was the functional equivalent of a prohibited general demurrer, that his pleadings filed as legal guardian should not have been stricken, and that he should have been given the opportunity to amend his petition. Ellis's arguments ignore the fact that Rule 12, which is set forth in the Texas Rules of Civil Procedure, is an authorized procedure[5] and that he could have mooted LVTRise's motion by hiring an attorney and having that attorney appear at the hearing. Instead, Ellis neither responded to LVTRise's motion nor appeared for the hearing on the motion but rather continued in the unauthorized practice of law by filing documents on his daughter's behalf after

---

[5]Within his numbered arguments, Ellis contends that LVTRise failed to state that its motion was made pursuant to Rule 91a, but the motion was not made pursuant to that rule; LVTRise's motion was clearly made under Rule 12. Ellis also contends that LVTRise failed to file special exceptions prior to the filing of its motion to dismiss, but this contention overlooks the crux of the case: LVTRise did not need to focus on the pleadings or on having them clarified because Ellis is not authorized to file any pleadings or motions on behalf of his daughter, as he is not an attorney.

7

the trial court rendered its order striking his pleadings and dismissing his claims. We therefore overrule Ellis's remaining four issues.

### III. Modification of the Judgment

The trial court's amended order states, "**IT IS FURTHER ORDERED** that claims asserted against each defendant be dismissed *with prejudice* to the refiling of the same." [Emphasis added.] But the trial court's dismissal was not a merits-based determination and therefore cannot be "with prejudice." As explained by the Dallas Court of Appeals,

> Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999). A Rule 12 determination, however, is not merits based. *See Tanner*, 464 S.W.3d at 26. Consequently, if a trial court concludes that an attorney fails to show authority under Rule 12, the proper remedy is not dismissal with prejudice. *Pecos Cnty. Appraisal Dist. v. Iraan-Sheffield Indep. Sch. Dist.*, 672 S.W.3d 401, 415 (Tex. 2023). Rather, . . . Rule [12] specifies that the remedy is to "refuse to permit the attorney to appear in the case . . . and strike the pleadings if no person who is authorized to prosecute or defend appears." *Id.*

*Medhanealem Eritrean Orthodox Tewahedo Church by & Through Bd. of Trustees v. Negusse*, No. 05-23-00250-CV, 2023 WL 7871627, at *2 (Tex. App.—Dallas Nov. 16, 2023, no pet.) (mem. op.). We therefore modify the amended order to delete the phrase "with prejudice" and substitute in its place the phrase "without prejudice." *Cf. Bellingham Enters., LLC v. Colby Constructors, LLC*, No. 03-22-00233-CV, 2023 WL 2414983, at *6 (Tex. App.—Austin Mar. 9, 2023, no pet.) (mem. op.); *Comanche Peak Ranch,*

8

*LLC v. City of Granbury*, No. 02-19-00412-CV, 2020 WL 1949628, at *7 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (mem. op.).

## IV. Conclusion

Having overruled Ellis's five issues, we affirm as modified the trial court's amended order granting LVTRise's motion to show authority, motion to strike, and motion to dismiss. *See* Tex. R. App. P. 43.2(b).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: August 14, 2025